993 F.2d 1541
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monroe Roosevelt PARKER, Defendant-Appellant.
 No. 92-5584.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 14, 1993
Decided: May 24, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-90-121-N)
 Jon Michael Babineau, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Monroe Roosevelt Parker appeals from an order entered by the district court, following a remand from this Court, stating its reasons for enhancing Parker's guideline sentence. We affirm.
 
 
 2
 Parker pled guilty to a federal information charging him with making fraudulent statements in an educational loan application in violation of 18 U.S.C. § 1001 (1988). The plea was accepted and Parker was sentenced to eighteen months in prison, three years of supervised release, and was ordered to pay a special assessment and make restitution. The district court enhanced the base offense level under three different guidelines, United States Sentencing Commission, Guidelines Manual, § 2F1.1(b)(2) (Nov. 1990), multiple victims or more than minimal planning, U.S.S.G. § 2F1.1(b)(1)(B), loan exceeding $2000, and U.S.S.G. § 3C1.1, obstruction of justice. The district court also granted a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.
 
 
 3
 On Parker's first appeal we affirmed the conviction and the bulk of the sentence. United States v. Parker, No. 91-5525 (4th Cir. June 29, 1992) (unpublished). However, we remanded the case to the district court in order to allow it to state its reasons for imposing the U.S.S.G. § 2F1.1(b)(2) enhancement. On remand the court heard evidence and issued an order stating that it was imposing the enhancement because Parker had submitted a number of documents containing false social security numbers over a period of several months and had therefore engaged in more than minimal planning.
 
 
 4
 We review the district court's decision for clear error. United States v. Gregorio, 956 F.2d 341, 343 (1st Cir. 1992); United States v. Lennick, 917 F.2d 974, 979 (7th Cir. 1990). The evidence before the district court was that Parker had submitted at least seven fraudulent forms over a period exceeding two months. Though Parker argued that he did no more than was necessary to commit the offense in its simple form, he offered no evidence to support this contention. In light of the number of incidents involved, and the period of time it took to complete the crime, we conclude that the district court's decision was not clearly erroneous. See United States v. Brach, 942 F.2d 141, 145 (2d Cir. 1991) ("it is safe to say that fraudulent loans in any substantial amount seldom result from minimal planning"); United States v. Fox, 889 F.2d 357, 361 (1st Cir. 1989) ("We cannot conceive of how obtaining even one fraudulent loan would not require more than minimal planning").
 
 
 5
 Accordingly, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED